**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0779n.06
Filed: December 23, 2008

07-3979

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VALENTIN NDOCI, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| v. | ) | |
| | ) | |
| MICHAEL D. MUKASEY, United States | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: DAUGHTREY, GILMAN, and ALARCÓN,* Circuit Judges.

**PER CURIAM.** The petitioner, Valentin Ndoci, is an Albanian national who initially entered the United States without legal documentation in October 1998 and filed an application for asylum in June of the following year, after removal proceedings were initiated against him. His application was denied administratively and, upon Ndoci's request, was referred to the immigration court for further proceedings. However, the petitioner voluntarily withdrew his application in February 2000 and returned to Albania prior to the scheduled hearing. He then returned to this country in June 2003 without

---

*The Hon. Arthur L. Alarcón, United States Judge of the Court of Appeals for the Ninth Circuit, sitting by designation.

inspection, apparently entering illegally from Mexico. The Department of Homeland Security reinitiated removal proceedings, and the petitioner conceded removability but again sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). Following an evidentiary hearing, the immigration judge denied the petitioner's applications, finding that his testimony was not credible and that the application for asylum was frivolous. The Board of Immigration Appeals affirmed the former ruling, but not the latter. The petitioner now seeks review of the denial of asylum, withholding of removal, and protection under CAT.

In his petition before this court, Ndoci contends that the Board's decision with regard to his credibility is not supported by substantial evidence; that the evidence established that he had suffered persecution in Albania on the basis of his political views; and that he was entitled to the benefit of the presumption that he had a reasonable fear that he would suffer future persecution if returned to Albania. For all these reasons, he claims, he was wrongly denied the relief for which he had applied.

Our review of the record in this case is circumscribed and requires us to sustain the administrative rulings by the immigration judge and the Board if their determinations are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "Under this deferential standard, we may not reverse the Board's or the immigration judge's determination simply because we would have decided the matter differently." *Koliada v. INS*, 259 F.3d 482, 486

(6th Cir. 2001) (citing *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998)).  Rather, in order to overturn such a factual determination, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it."  *Elias-Zacarias*, 502 U.S. at 481 n.1 (emphasis in original).  In addition, "credibility determinations are considered findings of fact, and are reviewed under the substantial evidence standard."  *Sylla v. INS*, 388 F.3d 924, 925 (6th Cir. 2004).

We need not engage in a lengthy recitation of all the inconsistencies in the petitioner's testimony that caused the immigration judge to discredit Ndoci's claim of past persecution based on political opinion.  It is clear from the detailed decision entered orally by the immigration judge that the adverse credibility findings were supported by specific reasons and concerned matters that went to "the heart of the applicant's claim," as required prior to the effective date of the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, which post-dated Ndoci's application for asylum.  *See Amir v. Gonzales*, 467 F.3d 921, 925 (6th Cir. 2006).  The principal discrepancy in the record, and the one cited by the Board in upholding the immigration judge's credibility determination, was the inconsistency between the petitioner's written asylum application and his testimony at the merits hearing with regard to the second of two detentions and beatings that the petitioner allegedly suffered because he was an active supporter of Albania's Democratic Party.  In his application, the petitioner indicated that in June 2003, he had been threatened by a local law enforcement official named Mark Kurbini.  At the hearing, however, the petitioner testified that he had actually been detained and beaten in June 2003, not merely

threatened, and that he had therefore decided to flee Albania and return to the United States.  But the time line developed by the petitioner at the hearing put him in Italy in the spring of 2003 and on his way back to this country, not in Albania, in June 2003 as he testified.  Moreover, the petitioner's testimony was inconsistent as to whether Kurbini was merely a local official or was associated with the national Socialist Party.

On petition for review, Ndoci centers his challenge to the immigration judge's credibility determinations almost exclusively on details concerning the position of Mark Kurbini, *i.e.*, whether Kurbini was a local or state party official.  As a result, he fails to address the central credibility question, *i.e.,* whether and to what extent the alleged detention and physical abuse in June 2003 actually occurred.  But if that incident of alleged persecution did not in fact occur, then the record simply fails to sustain the petitioner's claim with regard to past persecution and, consequently, raises no presumption that Ndoci would be subject to future persecution if returned to Albania.

In addition, the immigration judge observed that even if the petitioner could be found to be credible, he could not establish a well-founded fear of future persecution because of changed country conditions.  Although Ndoci appeared confused, if not totally unknowledgeable, about current events in Albania since he left that country in 2003, in point of fact, the Democrats have recently become the dominant party in Albania, and State Department reports reflect little of the political turmoil that the country experienced during the 1990s.

We thus decline to overturn the denial of the petitioner's application for asylum, concluding that it was based on substantial evidence. Moreover, because Ndoci has failed to meet the burden of proof necessary to establish grounds for a grant of asylum, he cannot satisfy the more stringent standard of proof to support withholding of removal. *See Sarr v. Gonzales*, 485 F.3d 354, 362 (6th Cir. 2007). Finally, his request for protection under CAT, based on the same discredited testimony as his applications for asylum and withholding of removal, was also properly denied. There is simply no evidence in this record to support Ndoci's claim that, if returned to Albania, he would be subjected to torture because of his political opposition to the Socialist Party or his prior encounters with Kurbini.

The petition for review is DENIED.